```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DEREK BETHEA,          : | **Hon. Jerome B. Simandle** |
|               Plaintiff, : | Civil No. 06-1052 (JBS) |
|     v.                 : |  |
| DONALD TRUMP, et al.,  : | **OPINION** |
|               Defendants. : |  |

**APPEARANCES**:

> DEREK BETHEA,#538681A, <u>Pro Se</u>
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey  07114

**SIMANDLE**, District Judge

Plaintiff Derek Bethea, a prisoner at Northern State Prison, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court grants Plaintiff's application to proceed <u>in forma pauperis</u>.  <u>See</u> 28 U.S.C. § 1915(a).  Having screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2), this Court concludes that dismissal of the Complaint without prejudice is required because Plaintiff's claims have not accrued.

### I.   BACKGROUND

Plaintiff sues Donald Trump and Anna Dellagata, Lilly Cornman, and Johanna Reilly, three employees of Trump Plaza Hotel Casino in Atlantic City for violation of his constitutional rights and claims arising under New Jersey law.  Plaintiff

asserts that Defendants falsely testified against him before a grand jury and during his criminal trial on November 30, 2000. He alleges that as a result he was convicted on January 5, 2001, of crimes involving a wager at a roulette table on December 8, 1998. Plaintiff asserts that Defendants Dellagata, the roulette dealer, Cornman, the surveillance technician, and Reilly, the detective, knew that Plaintiff had not cheated, and they committed perjury in order to have him indicted and convicted of fraud.  He alleges that Donald Trump was grossly negligent.  Plaintiff seeks damages for a false conviction and sentence.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

2

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

> suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A. State Action

Plaintiff asserts that Defendants are liable under § 1983 for his conviction and incarceration because they falsely testified at his criminal trial. The problem with this § 1983 claim is that, on the facts alleged in the Complaint, Defendants were not acting under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Plaintiff's claims against fail because a private person's false statement to the police or in a criminal proceeding is not, without more, state action under § 1983. Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983); Adickes v. S.H.

4

Kress & Co., 398 U.S. at 152; Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1989).  Under these circumstances, Plaintiff's § 1983 claims will be dismissed for failure to state a claim because the named Defendants were not acting under color of state law when they gave allegedly false testimony.[1]  See 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3);

---

[1] Even if Defendants were acting under color of state law, Plaintiff's claims would fail.  A witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v. LaHue, 460 U.S. at 330-346 (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726;  Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants in forma pauperis status, dismisses the federal claims, and declines to exercise supplemental jurisdiction over claims arising under New Jersey law.


                                     s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE, U.S.D.J.


Dated:    **August 7**  , 2006